# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:11-CR-19-TLS |
| | ) | |
| JONATHAN ARAMBURO | ) | |

## OPINION AND ORDER

The Defendant, Jonathan Aramburo, pled guilty to conspiring to distribute marijuana, a violation of 21 U.S.C. § 846, and to carrying a firearm during and in relation to a drug trafficking crime, a violation of 18 U.S.C. § 924(c). This matter is before the Court on the Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Based on Retroactive Application of Amendment 782 to the Sentencing Guidelines [ECF No. 346], filed pro se. Although the Court is not authorized to appoint counsel under the Criminal Justice Act for any offender seeking sentence modification under Amendment 782 to the Sentencing Guidelines, the Federal Community Defender's Office volunteered its services and counsel entered an appearance on behalf of the Defendant. However, upon review, counsel determined that it would not be appropriate to file a petition for a reduction, and filed a Notice to the Court [ECF No. 351] and a Motion to Withdraw [ECF No. 352]. Additionally, a United States Probation Officer filed an Addendum to the Presentence Report [ECF No. 353], reporting that the Court sentenced the Defendant pursuant to a binding plea agreement that was not based on the Guidelines. Additionally, even under the amended Guidelines, the low end of the Guideline range (97 months) is the same as that already contained in the Plea Agreement and imposed by the Court. Thus, there is no change in the Defendant's Guideline sentence under the retroactive amendments. The Defendant has not responded, despite being granted two extensions of time

[ECF Nos. 355, 357], and the matter is thus ripe for ruling.

For the reasons stated herein, the Court finds that the Defendant is not entitled to a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782, and denies his Motion.

**BACKGROUND**

A Superseding Indictment charged the Defendant with two drug offenses and three firearm offenses. The Defendant and the Government entered into a written Plea Agreement, which was filed with the Court. The Defendant agreed to enter a plea of guilty to Counts 1 and 3 of the Superseding Indictment, in return for the dismissal of Counts 2, 4, and 6 of the Superseding Indictment. (The Defendant was not charged in Count 5). The Plea Agreement contained the following language regarding the Defendant's term of imprisonment:

> The United States and I agree that I should receive a sentence of 97 months on Count 1 and a consecutive sentence of 60 months on Count 3, for a total sentence of 157 months. The above-mentioned agreement that I should receive a sentence of 97 months on Count 1 and a consecutive sentence of 60 months on Count 3 is a binding agreement pursuant to Rule 11(c)(1)(C).

(Plea Agreement ¶ 8.c, ECF No. 277.)

One of the counts to be dismissed, a second § 924(c) charge, would have resulted in a consecutive 25-year term of imprisonment rather than the 5 years required for one § 924(c) conviction. According to the Defendant's Presentence Investigation Report, his Guideline imprisonment range for Count 1 was 121 to 151 months—the result of an offense level of 30 and a criminal history category of III. The statutory term of imprisonment for Count 3, 60 months, had to be imposed consecutively to Count 1. On April 17, 2014, the Court accepted the Plea

Agreement and sentenced the Defendant to 97 months of imprisonment on Count 1 and 60 months imprisonment on Count 3, for a total sentence of 157 months.

The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, arguing that he is eligible for a two point reduction to his sentence of 97 months. The Court finds that the Defendant is not eligible for a reduction because his sentence was not "based on" a Guidelines sentencing range that has subsequently been lowered by retroactive amendment. Additionally, even if the Defendant were eligible for a reduction, he could not receive a sentence less than the minimum of the amended Guideline range, or 97 months.

## DISCUSSION

Courts have limited authority to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c); *United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) ("A term of imprisonment is a final judgment that can only be modified in limited circumstances."). Title 18 U.S.C. § 3582(c)(2) permits a defendant to move for a sentence reduction if he was sentenced to a term of imprisonment "based on" a Guidelines sentencing range that has subsequently been lowered by retroactive amendment. Here, the Defendant's sentence was not based on the Guidelines. Instead, it was based on a plea agreement that contained a binding term of imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), also referred to as a (C) agreement. This subsection of Rule 11 permits parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case," and "binds the court [to the agreed-upon sentence] once [it] accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C); *see*

3

*also id.* (c)(4) (providing that if the court accepts such an agreement, "it must inform the defendant that . . . the agreed disposition will be included in the judgment").

In *Freeman v. United States*, 131 S. Ct. 2685 (2011), the Supreme Court considered whether defendants who enter into plea agreements recommending a particular sentence as a condition of the guilty plea may be eligible for § 3582(c)(2) relief. No majority of the justices agreed on a single rationale. The narrowest, most case-specific basis for deciding *Freeman*, and thus the statement of controlling law, comes from Justice Sotomayer's concurrence. *United States v. Dixon*, 687 F.3d 356, 359 (7th Cir. 2012) (concluding that Justice Sotomayor's concurrence is controlling under *Marks v. United States*, 430 U.S. 188, 193 (1977)).

Under this binding precedent, a sentence imposed pursuant to a binding plea agreement under Rule 11(c)(1)(C) is based on that agreement, not on the Guideline range, so that no relief is available under § 3582(c)(2). *Freeman*, 131 S. Ct. at 2696 (Sotomayor, J., concurring) ("The term of imprisonment imposed by the sentencing judge is dictated by the terms of the agreement entered into by the parties, not the judge's Guidelines calculation."). However, two limited exceptions are recognized. The first applies where the parties "agree that a specific . . . sentencing range is the appropriate disposition of the case." *Id.* at 2697 (quoting Fed. R. Civ. P. 11(c)(1)(C)). Under this particular type of (C) agreement, "the district court's acceptance of the agreement obligates the court to sentence the defendant accordingly, and there can be no doubt that the term of imprisonment the court imposes is 'based on' the agreed-upon sentencing range within the meaning of § 3582(c)(2)." *Id.*; *Dixon*, 687 F.3d at 359. For the second exception to apply, the plea agreement itself must "make clear that the basis for the specified term" is the applicable Guideline range. *Id.* at 2697 (stating that the "sentencing range [must be] evident from

4

the agreement itself"); *Dixon*, 687 F.3d at 359.

Applying the law established by *Freeman* and *Dixon* to the facts of this case, the Court finds that the Defendant's term of imprisonment was not based on the Guidelines, but was based on the binding term set forth in his Plea Agreement. The Plea Agreement contains no mention of a Guideline range. Nor does it refer to an offense level or a criminal history category, and thus it is "impossible to infer from this agreement that the parties based their agreed [97]–month term on any guidelines range, let alone a range that the Sentencing Commission reduced through a retroactive amendment, as § 3582(c)(2) contemplates." *United States v. Scott*, 711 F.3d 784, 787 (7th Cir. 2013). "In short, the written terms of the agreement itself do not 'make clear' that any particular Guidelines range was 'employed.'" *Dixon*, 687 F.3d at 360 (quoting *Freeman*, 131 S. Ct. at 2697, 2700 (Sotomayor, J., concurring in the judgment)).

Because the Defendant's sentence was based on a negotiated and agreed term of imprisonment, and not based on or tied to the Guidelines, the Defendant is not eligible for a reduction under § 3582(c)(2). Further, even if the Court found that the Defendant was eligible, the Defendant could not receive a reduction below the minimum of the adjusted Guideline range of 97 to 121 months. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range.")[1]; *Dillon v. United States*, 560 U.S. 817, 830 (2010) (holding that the restrictions that § 1B1.10 places on a sentence modification are mandatory rather than advisory). Because the Defendant is already serving a

---

[1] Although there exists an exception applicable to defendants who received a benefit for providing substantial assistance to authorities, U.S.S.G. § 1B1.10(b)(2)(B), the Defendant does not fall within this exception.

5

term of imprisonment of 97 months on Count 1, Amendment 782 does not benefit him.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 346], and GRANTS the Motion to Withdraw as Court Appointed Counsel [ECF No. 352]. The Clerk is DIRECTED to terminate the appearance of attorney Thomas N. O'Malley from this cause.

SO ORDERED on January 14, 2016.

                                                                     s/ Theresa L. Springmann
                                                                      THERESA L. SPRINGMANN
                                                                      UNITED STATES DISTRICT COURT