# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:11-CR-19-TLS |
| | ) | |
| JONATHAN ARAMBURO | ) | |

## OPINION AND ORDER

The Defendant, Jonathan Aramburo, pled guilty to conspiring to distribute marijuana, a violation of 21 U.S.C. § 846, and to carrying a firearm during and in relation to a drug trafficking crime, a violation of 18 U.S.C. § 924(c). This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 384], filed on June 24, 2016. The sole ground cited for relief is that his prison sentence was "enhanced for prior criminal conduct that has now been ruled as unconstitutional pursuant to [*Johnson v. United States*, 135 S. Ct. 2551 (2015)]." (Mot. 4.)

The holding of *Johnson* is that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), is invalid. *See Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016) (emphasizing the limited impact of *Johnson*). The decision did not otherwise affect the operation of the remainder of the ACCA, including the definition of serious drug offense. *Id.*; *Johnson*, 135 S. Ct. at 2563. The Defendant was not sentenced under the ACCA. Nor was his sentence otherwise enhanced based on the classification of prior convictions as violent felonies. The Defendant was actually sentenced based on a binding term set forth in his Plea Agreement. (Plea Agreement ¶ 8.c, ECF No. 277; Judgment 2, ECF No. 319.)

Even without the binding term, there is no avenue of relief based on recent case law. Under § 924(c), an individual convicted of using or carrying a firearm during and in relation to

any crime of violence or drug trafficking crime, or possessing a firearm in furtherance of such a crime, receives a five-year mandatory minimum sentence in addition to the punishment for the underlying crime. 18 U.S.C. § 924(c)(1)(A)(i). The Defendant was convicted of conspiring to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846, and he received a consecutive sentence under 18 U.S.C. § 924(c) for carrying a firearm during and in relation to a drug trafficking crime—not a crime of violence. The definition for "drug trafficking crime" under § 924(c)(2) is distinct from the definition of a "crime of violence" under that same statute, and has nothing to do with residual clauses.

*Johnson* has no effect on convictions for § 924(c) based on drug trafficking crimes, and there is no basis for vacating the Defendant's sentence.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 384]. Because reasonable jurists would not debate that the Motion fails to present a valid claim of the denial of a constitutional right, or that the Motion should have been resolved in a different manner, the Court DECLINES to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(3).

SO ORDERED on December 6, 2016.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT