UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO.: 1:11-CR-19-HAB |
| ) | |
| JOHNATHAN ARAMBURO ) | |

## OPINION AND ORDER

Defendant Johnathan Aramburo ("Aramburo") seeks compassionate release under 18 U.S.C §3582(c)(1)(A) (ECF No. 401). He asks the Court to reduce his sentence due to intervening changes in the law[1] and hardship based on family illness health conditions. The Government opposes the motion in principal and because Aramburo has not exhausted his administrative remedies prior to filing his motion. (ECF No. 404). Aramburo did not file a reply and the time to do so has passed. Because the Government is correct that Aramburo failed to exhaust his administrative remedies prior to filing his compassionate release motion, the Defendant's motion will be DENIED.

## DISCUSSION

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). But a handful of statutory exceptions exist, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights … may reduce the term of imprisonment … after considering the factors set

---

[1] The Court notes that an intervening changes in the law and alleged sentencing errors are not a proper basis for seeking compassionate release. *United States v. Thacker,* 4 F.4th 569, 576 (7th Cir. 2021).

forth in [18 U.S.C. § 3553(a)] … if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…" Accordingly, for a defendant to be eligible for compassionate release he must have exhausted his administrative remedies. Additionally, the Court must find that (1) extraordinary and compelling reasons for release exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant release.

Prisoners have two routes to directly petition courts for compassionate release: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt ... of such a request" by the warden of the prisoner's facility. 18 U.S.C. § 3582(c)(1)(A). In *United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021), the Seventh Circuit clarified that the exhaustion requirement is a mandatory claim-processing rule and "*must* be enforced when properly invoked." *Id*. at 782 (original emphasis). Where, as here, the Government raises exhaustion as a defense (*see* ECF No. 404 at 4) a defendant has the burden to show he properly exhausted all administrative avenues available to him. *Sanford*, 986 F.3d at 781–82 ("the defendant must first present his request for compassionate release to the warden *and exhaust administrative appeals* (if the request is denied)…").

Further, to properly exhaust, the defendant must have "present[ed] the same or similar ground for compassionate release in a request to the Bureau as in [the] motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). The purpose of this requirement is to allow the Bureau of Prisons an opportunity to evaluate issues before they are brought to federal court. *Id*.

2

A review of Aramburo's own filing as well as the BOP's records submitted by the Government (ECF No. 406) fail to show that he has met the exhaustion requirement. His request for compassionate release makes no mention of having exhausted his administrative remedies and the only administrative action taken by Aramburo reflected by the BOP occurred in 2020 when he appealed one of his many disciplinary sanctions. In short, Aramburo needed to, but did not, exhaust his administrative remedies before filing his compassionate release motion and, for this reason, the Court must dismiss his motion.

## **CONCLUSION**

For the above reasons, the Defendant's Motion for Compassionate Release under 18 U.S.C. §3582(c)(1)(A) is DENIED. (ECF No. 401).

SO ORDERED on February 2, 2023.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT